IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAQUILLE PARKER, #275 050,         ) | |
| )                                                                 | |
| Plaintiff,                                       ) | |
| )                                                                 | |
| v.                                                   )         | CIVIL ACTION NO. 2:17-CV-753-GMB |
| )                                                                 | [WO] |
| WARDEN OF ELMORE COUNTY JAIL, ) | |
| *et al.*,                                            ) | |
| )                                                                 | |
| Defendants.                                ) | |

## **MEMORANDUM OPINION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the St. Clair Correctional Facility in Springville, Alabama. Pending before the court is Plaintiff's request for a preliminary injunction, in which Plaintiff alleges that he has pending charges in Elmore County and seeks to enjoin his return to the Elmore County Jail for court proceedings on the grounds that his life would be placed in danger if he is returned to the facility. Upon review, the court concludes that the motion for preliminary injunction should be denied.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352,

1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claim. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding prisoners do not have a constitutional right to remain in or be transferred to a penal institution of their own choosing). Next, Plaintiff's subjective belief of potential harm befalling him at the county jail likewise fails to establish a substantial threat that he will suffer irreparable injury absent issuance of a preliminary injunction. And the third factor, balancing potential harm to the parties, weighs in favor of Defendants because the issuance of the requested injunction would adversely impact the ability of jail and state correctional officials to manage effectively those inmates confined in their respective facilities. Regarding the fourth factor, it is difficult to ascertain from the motion what exactly Plaintiff's requested relief would entail, preventing the court from determining what burden an injunction

would have on either the Elmore County Jail or the Alabama Department of Corrections and whether issuing one would harm the public interest.

For all of these reasons, a preliminary injunction is not warranted. Therefore, Plaintiff's motion for a preliminary injunction (Doc. 5) is DENIED.

DONE on this 19th day of January, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE