IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAQUILLE PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-CV-753-KFP |
| ) | (WO) |
| ) | |
| WARDEN MIKE HENLINE, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Plaintiff's Notice of Appeal (Doc. 39), which is construed to contain a Motion to Proceed on Appeal in Forma Pauperis and a Motion for Certificate of Appealability. For the reasons below, the Court concludes that Plaintiff's motions are due to be denied.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In making a determination on good faith, the Court must use an objective standard, such as whether the appeal is "frivolous" or "has no substantive merit." *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam). Applying these standards, the Court is of the opinion, for the reasons stated in its previous Memorandum Opinion and Order (Doc. 37), that Plaintiff's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See e.g. Rudolph v. Allen*, 666 F.2d 519 (11th Cir. 1982). Accordingly, it is

ORDERED that the appeal in this cause is certified, under 28 U.S.C. § 1915(a)(3), as not taken in good faith, and the Motion to Proceed on Appeal in Forma Pauperis and Motion for Certificate of Appealability (Doc. 39) are DENIED.  It is further

ORDERED that, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b) (as amended), Plaintiff is required to pay the $505.00 filing fee for this appeal. Accordingly, it is

ORDERED that:

1. If the funds in Plaintiff's prison account exceed $505.00, those persons having custody of Plaintiff must forward to the Clerk of this Court the $505.00 appellate filing fee.

2. If the funds in Plaintiff's prison account are less than $505.00, those persons having custody of Plaintiff must:

> (A) make an initial partial payment to this Court equal to the greater of the following amounts:
>
>> (1) 20% of the average monthly deposits to Plaintiff's account for the six-month period immediately preceding the date Plaintiff filed his notice of appeal; or
>>
>> (2) 20% of the average monthly balance in Plaintiff's account for the same six-month period.
>
> (B) make additional monthly payments of 20% of the preceding month's income credited to Plaintiff's account until the balance of the $505.00 fee is paid. These additional monthly payments must be deducted

from Plaintiff's prison account each time account balance exceeds $10.00 until the $505.00 filing fee is paid in full.

3. If the appellate court enters a judgment against Plaintiff for payment of costs at the conclusion of this appeal, including any unpaid portion of the $505.00 filing fee, those persons having custody of Plaintiff must continue making monthly payments to this Court in accordance with the installment plan outlined in Paragraph 2(B) until the full amount of the ordered costs is paid.

To aid those persons having custody of Plaintiff in complying with the requirements of this Order, the Clerk is DIRECTED to furnish a copy of this Order to the inmate account clerk at Donaldson Correctional Facility in Bessemer, Alabama. If Plaintiff is transferred to another prison or detention facility, the account clerk must furnish this Order to the appropriate official at the institution where Plaintiff is transferred so the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this Court.

If the appellate court disposes of Plaintiff's appeal before he has paid the $505.00 filing fee—by dismissing it for lack of jurisdiction, for want of prosecution, because it is frivolous, or by deciding the appeal on the merits—Plaintiff is advised that he remains obligated to pay the $505.00 filing fee. The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to this Court by those persons having custody of Plaintiff.

DONE this 4th day of December, 2020.

                                         /s/ Kelly Fitzgerald Pate
                                         KELLY FITZGERALD PATE
                                         UNITED STATES MAGISTRATE JUDGE